IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLE L. SCHEIB, | ) |
| Plaintiff, | ) 2:14-cv-00008 |
| v. | ) |
| | ) Judge Mark R. Hornak |
| COMMONWEALTH OF PA, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Plaintiff has filed a *pro se, in forma pauperis* ("IFP") Complaint against the Commonwealth of Pennsylvania, Allegheny County, and Allegheny County Court of Common Pleas Judge Judith Friedman. She seeks any array of money damages in various forms, all seemingly related to a foreclosure proceeding before Judge Friedman.

The Commonwealth has moved to dismiss the Complaint on the basis that the Eleventh Amendment precludes this Court's exercise of jurisdiction over Plaintiff's claims for monetary relief against it as the Commonwealth, and that the Commonwealth has by statute specifically refused to consent to this Court's jurisdiction. The Commonwealth is correct. *See Braun v. State Correctional Institution,* No. 09-83J 2010 WL 10398, *5 (W.D. Pa. 2010). Even giving the Plaintiff's Complaint the most generous reading, as would be required by her *pro se*, IFP status, it does not state a claim for relief that may be granted against the Commonwealth, and the Motion to Dismiss must be granted. Because any amendment in such regards would be futile, such dismissal is with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F. 3d 103, 112-13 (3d Cir. 2010).

As to the claims against Common Pleas Court Judge Judith Friedman, she moves to dismiss on several grounds, each of which would support dismissal. First, she contends that

when the Complaint is construed generously in light of the Plaintiff's filing situation, it nonetheless is a frontal attack on actions she took as Judge Friedman in the context of a judicial proceeding before in her court. Given this, all such claims are barred by the doctrine of absolute judicial immunity. *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 769-70 (3d Cir. 2000). Based on the averments of the Complaint itself, it is plain that the Plaintiff seeks to assess liability against Judge Friedman for Judge Friedman's actions in presiding over a foreclosure action pending in her court. Notwithstanding Plaintiff's allegations that Judge Freidman had "no jurisdiction", essentially because Judge Friedman's ruling was wrong, that does not carry the day, since the reach of the jurisdiction of the judge that is being sued is to be broadly construed. *See Figueroa v. Blackburn*, 208 F. 3d 435, 441-43 (3d Cir. 2000). Thus, all claims against Judge Friedman are barred by the doctrine of absolute judicial immunity.

Additionally, it is plain from the Plaintiff's Complaint that she seeks an order from this Court that would vacate the state court judicial judgment of which Plaintiff complains. This Court, as a federal district court, possesses no authority to generally review, and then reverse or vacate a state court civil judgment. *Gary v. Braddock Cemetery*, 517 F. 3d 195, 201 (3d Cir. 2008); *Marran v. Marran*, 376 F. 3d 143, 149 (3d Cir. 2004). Thus, for this independent reason, the Motion to Dismiss filed by Judge Friedman must be granted, with prejudice, in that any amendment in such regards would be futile.

An appropriate Order will enter.

Mark R. Hornak
United States District Judge

Dated: April 4, 2014

cc: All counsel of record
Ms. Carole L. Scheib (via U.S. Mail)

2