IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROLE L. SCHEIB, | ) |
| | ) |
| Plaintiff, | ) 2:14-cv-00008 |
| | ) |
| v. | ) |
| | ) Judge Mark R. Hornak |
| COMMONWEALTH OF PA, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Pending before the Court are the Motion to Dismiss of the Defendant Allegheny County, ECF No. 23, (all other Defendants having been previously dismissed from the action), the Plaintiff's Response to that Motion, ECF No. 26, her Motion to Add Defendants, ECF No. 27, Plaintiff's Demand for a Jury Trial, ECF No. 30, and various "Exhibits" and a "Notice" filed by the Plaintiff, ECF Nos. 28, 29 and 31.

First, as to the Allegheny County's Motion to Dismiss, it argues that the Plaintiff's claims, such as they are, and if they exist, arise from and relate to a foreclosure action and court orders in that County's Court of Common Pleas in 1999, some fifteen years ago, and that they all seek to hold the County liable for some various, sundry and vague claimed Constitutional violations by Common Pleas Judge Judith Friedman, all made in her capacity as a Judge and in her ruling on various claims and defenses in that case. As such, says the County, these alleged claims are all barred by the Eleventh Amendment, since for all such purposes, Judge Friedman is a judicial officer of the Commonwealth of Pennsylvania and therefore not only has the Plaintiff sued the wrong Defendant in suing the County, but her claims are barred by that Amendment's provision of immunity from suit in federal court. *Benn v. First Judicial Dist.*, 426 F.3d 233, 239-

40 (3d Cir. 2005). Further, says the County, since all of the claims purportedly asserted arose (if at all) much more than two (2) years before this lawsuit was filed, on the face of the Complaint, the case is barred by the applicable two (2) year statute of limitations. *Robinson v. Johnson*, 313 F.3d 128, 135, n.3 (3d Cir. 2002).

The Plaintiff's response does not contest any of that, and she puts up no fight as to those arguments. Instead, her response is a general narrative of what she says was obstructionist conduct by various County employees in the Office of Court Records and the Sheriff's Office all having their alleged genesis in an Order of that Court that limited her case filing rights in that Court.

The Court will grant the Motion to Dismiss of the County. As this Court has already ruled, to the extent the Eleventh Amendment applies, the Commonwealth has not consented to be sued in this Court, and it therefore has no jurisdiction to hear this case. See ECF No. 21, Memorandum Opinion at 1. Further, the County is correct that to the extent the Plaintiff alleges any Constitutional claims (and the Court is doubtful that she has), the applicable statute of limitations is two (2) years, and her Complaint shows on its own face that all such claims, arising from the 1999 foreclosure, have been long since barred as a matter of law. Finally, to the extent her issue is with the Order of that state court judge governing her filing of papers in that Court, ECF No. 26 at 3, we have already ruled that this Court does not have the power to reverse such state court orders. *See* ECF No. 21 at 2. Thus, Plaintiff has no cognizable claims against the County, her pleadings cannot be repaired by amendment as any such amendment would be futile, and this dismissal is therefore with prejudice. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2010).

As to the other filings by the Plaintiff noted above, they can only breath life back into this case if considered as potential amendments. Even treating them as such, they cannot resuscitate this case. As to her effort to "Add Defendants", Plaintiff seeks to add the federal Comptroller of the Currency under either a *Bivens*[1] or Federal Tort Claims Act, 28 U.S.C. §1346, theory. She pleads no conformity with the procedural prerequisites of a FTCA case, *McNeil v. United States*, 508 U.S. 106 (1993), 28 U.S.C. § 2675(a), and does not identify any alleged federal Constitutional violation[2] subject to a potential *Bivens* action either, and she seeks to name the office of the Comptroller of the Currency and asserts no individual personal liability as to a specific federal official, as required under *Bivens, Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70-71 (2001). In fact, she expressly disclaims all interest in any money damages, but does seek, once again, to undo a state court foreclosure from 1999.

As to the other potential "new" Defendant, Plaintiff talks about "AP Realty, LLC an Entity of Bank of N.Y. Mellon, N.A." As to this potential litigation target, Plaintiff refers to 42 U.S.C. § 1983, but asserts no facts at all from which it could be concluded that if such an entity exists, it in any way deprived her of a federal right, or that it acted under the color of state law in doing so, the benchmark for any such federal lawsuit. The closest that she comes is an allegation that there was some sort of negligent mortgage servicing by the Bank at some time in the past, and that someone named "Mr. French", otherwise unidentified, told her a lie about her mortgage processing in 1997. Even if this somehow stated a claim under the Real Estate Settlement Procedures Act, ("RESPA"), 12 U.S.C. §§ 2601-2617, that statute, at the longest, has a three (3) year statute of limitations, so it would have run out about fourteen years ago. 12 U.S.C. § 2614.

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

[2] *Davis v. Passman*, 442 U.S. 228, 248 (1979).

3

Thus, to the extent Plaintiff was trying to state a RESPA claim in her "Motion to Add Defendants," it is facially time-barred.

The Court has also examined all of the additional "Exhibits" that the Plaintiff has filed, and at their best, they are a mishmash of various excerpts from old briefs, state court orders, envelopes, newspaper articles, and the like. None of them sheds any light on any possible or potential claim for relief by the Plaintiff in this Court, no matter which other papers they are partnered with.

For all of the above reasons, and those stated in this Court's Memorandum Opinion and Order of April 4, 2014, the Motion of Allegheny County to Dismiss the action as to it is granted, and it will be dismissed from the case, with prejudice to the Plaintiff. As to the Plaintiff's other referenced filings, they do not, and cannot, even when read in the most charitable light, add to or support any claim for relief, and to the extent they are considered a Motion to Amend what was, until moments ago, the little that remained of this case, such Motion is denied as being futile.[3]

An appropriate Order will be entered, dismissing this case in its entirety with prejudice and closing this case on the docket of this Court.

Mark R. Hornak
United States District Judge

Dated: May 12, 2014

cc: All counsel of record
    Ms. Carole L. Scheib (via U.S. Mail)

---

[3] This is the same conclusion reached by Judge McVerry of this Court in similar litigation filed by the Plaintiff against, among others, Mellon Bank, N.A. *See* 2:07-cv-0018-TFM, ECF No. 28 (June 13, 2007). That action was the precursor to this case, and also sought to undo the 1997 state court foreclosure. *See* ECF No. 24-3 in this action.